THOMAS W. SIMMONS & COMPANY, INC., Respondent, *v.*
F. R. PHILLIPS & SONS COMPANY, Appellant.

First Department, March 3, 1922.

Contracts — damages — plaintiff entitled to special damages for loss under contract with third party caused by defendant's breach of contract with plaintiff.

Defendant who, without excuse, breaks a contract with plaintiff, which he made with full knowledge that his breach thereof might cause the plaintiff the loss of profits under another contract which he had made with a third person, is liable for special damages based on such loss of profits if it results from such breach.

APPEAL by the defendant, F. R. Phillips & Sons Company, from an order and determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 9th day of June, 1921, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, First District, in favor of the plaintiff.

*John G. Turnbull,* for the appellant.

*Ewing, Alley & Voorhees* [*Caruthers Ewing* of counsel], for the respondent.

GREENBAUM, J.:

Upon the facts disclosed in this case we are of the opinion that plaintiff was entitled to prove special damages. The evidence shows that when the defendant agreed to purchase from the plaintiff 100 gross tons of wire rods at eighty-one dollars per ton, and to establish a bank guaranty in payment thereof, it knew that the plaintiff intended to make delivery of the rods in question from a larger purchase of steel rods under a contract which plaintiff had made with the Cambria Steel Mills and that defendant had been apprised by plaintiff that under that contract it had obligated itself to furnish to the mills a bank guaranty somewhat similar to that expressed in the agreement between the parties to this action. The evidence is that defendant deliberately breached its contract by unalterably refusing to give a bank guaranty. There is not the slightest excuse given for breaching this contract. Plaintiff had a right to rely upon the defendant's agreement to establish a guaranty which if it had been furnished would have been available to plaintiff in meeting its obligation to furnish a guaranty to the Cambria Mills. Plaintiff's reliance upon defendant's performance of its contract to furnish a guaranty for the plaintiff resulted in the cancellation by the Cambria Mills of its contract with the plaintiff. The contract between the parties

contemplated that the steel rods were to come from the Cambria Mills. This, therefore, is not a case where the merchandise could have been purchased in the open market, but one where, when the contract in suit was made, it must have been within the contemplation of the parties that the defendant's breach thereof might deprive plaintiff of the loss of its profits under its contract with the Cambria Mills.

It is true that after defendant had unalterably broken its contract, plaintiff stated that the merchandise would be sold for the account of the defendant at the best price obtainable. But it appears that when that statement was made by plaintiff it was unaware that the Cambria Mills had canceled its contract for plaintiff's failure to furnish a guaranty. Besides, it does not appear that the defendant relied upon any such statement or was in any way damaged thereby. The contract in suit having been entered into by the defendant with full knowledge of the terms of plaintiff's contract with the Cambria Mills and the plaintiff having been disabled from selling the merchandise at the best price obtainable due to defendant's breach of the contract, the plaintiff was justified in resorting to its claim for special damages based upon the profits which it lost under its contract with the Cambria Mills, by reason of defendant's acts.

The determination should be affirmed, with costs.

CLARKE, P. J., LAUGHLIN, SMITH and MERRELL, JJ., concur.

Determination affirmed, with costs.